**VICTOR MANUEL TORRES**
California Bar No. 140862
406 Ninth Avenue, Ste. 311
San Diego, CA 92101
Tel: (619)232-8776
Fax: (619)237-2326
lawforvatos@yahoo.com

Attorney for Defendant **MURRAH**

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE ROGER T. BENITEZ)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 08CR510-BEN |
| Plaintiff, | ) |
| | ) **MEMORANDUM OF POINTS &** |
| vs. | ) **AUTHORITIES IN SUPPORT OF** |
| | ) **DEFENDANT'S MOTIONS** |
| **KARL DELEON MURRAH,** | ) |
| Defendant. | ) |

**I.**

**STATEMENT OF FACTS**

This statement of facts and the facts discussed in the memorandum of points and authorities are strictly for the purpose of these motions and are not to be considered admissions by the defendant, Karl Deleon Murrah. Mr. Murrah expressly reserves the right to contradict, explain, amplify or otherwise discuss any of the facts mentioned here at trial or other proceedings.

According to the Indictment, on December 3, 2003, Mr. Murrah allegedly distributed 250 tablets of a compound known as MDMA, commonly referred to as "Ecstacy", in violation of Title 21 U.S.C. § 841(a)(1).

To date, defense counsel has received approximately 32 pages of documentary discovery.

## II.

## THE COURT SHOULD COMPEL DISCOVERY

Mr. Murrah moves for the production by the prosecution of the following items. This request is not limited to those items that the prosecutor has personal knowledge of, but includes all discovery listed below that is in the care, custody, control, or knowledge of any "closely related investigative [or other] agencies". United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert. denied, 483 U.S. 858 (1989):

**1. Statements of the accused:**

Fed.R.Crim.P. 16(a)(1)(A) entitles the accused to disclosure of all copies of any written or recorded statements allegedly made by the accused. The accused is further entitled to the substance of any statement allegedly made by the accused which the prosecution intends to offer in evidence at trial; any recorded testimony of the accused before the grand jury; any alleged response by the accused to any interrogation or attempted interrogation; any written summaries of any statement allegedly made by the accused, including those that may be contained in the handwritten notes of any government agent; any alleged response to any prophylactic advisals (i.e., "Miranda warnings") which may have been given to the accused; and any other statement(s) attributable to the accused that are discoverable under Rule 16(a)(1).

The Advisory Committee Notes to Rule 16 make clear that the prosecution is obligated to reveal all of the accused's statements, whether oral or written, and regardless of whether the prosecution intends to introduce those statements at trial or any other proceeding.

**2.     Arrest reports, notes & dispatch tapes:**

The accused requests that all arrest reports, notes, dispatch tapes and any other recordings that relate to the circumstances surrounding the alleged illegal acts, the arrest, or interrogation, that have not already been produced in their entirety, be produced. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other materials in which alleged statements of the accused or any other discoverable matters are, or may be, contained. Fed.R.Crim.P. 16(a)(1)(A); Brady v. Maryland, 373 U.S. 83 (1963).

Arrest reports, investigator's notes, memos from arresting agents or agents that may have been percipient witnesses, dispatch tapes, sworn statements, and reports regarding the accused are discoverable under Fed.R.Crim.P. 12(i),16(a)(1)(B) and (C), and 26.2.

**3.     Reports of scientific tests or examinations:**

Under Fed.R.Crim.P. 16(a)(1)(D) the accused is entitled to production of all scientific tests and examinations conducted by the prosecution. This includes, but is not limited to, any scientific analysis performed on the controlled substances seized, if any, and any fingerprint testing, if any.

**4.     *Brady* material:**

The accused requests all documents, statements, reports, or tangible things that may be helpful or useful to the accused on the issue of guilt, or credibility of the prosecution's witnesses. This request is not limited to exculpatory evidence, but also impeachment evidence against any witness. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

**5.   Any information that may result in a lower sentence under the Federal Sentencing Guidelines:**

This request includes any assistance or cooperation, or attempted assistance or cooperation by the accused, as well as any other information that could affect the base offense level, specific offense characteristic(s), adjustments, criminal history score, departures or any other application of the United States Sentencing Guidelines.

**6.   Prior record:**

Evidence of any prior criminal record of the accused is discoverable under Fed.R.Crim.P. 16(a)(1)(B).

**7.   Any proposed F.R.E. 404(b) evidence:**

Evidence of any prior similar acts is discoverable under Fed.R.Crim.P. 16(a)(1)(C) and Fed.R.Evid. 404(b) and 609. Further, Fed.R.Evid. 404(b) provides:

> . . .upon request of the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial . . .of the general nature of any such evidence it intends to introduce at trial.

The accused requests that any such notice be given three weeks prior to the date set for trial in order to allow the defense to adequately investigate and prepare for trial.

**8.   Evidence seized:**

Any evidence seized as a result of any search, either with or without a warrant, is discoverable under Fed.R.Crim.P. 16(a)(1)(C).

//

**9. Request for preservation of evidence:**

The accused requests that all dispatch tapes, other recordings, or any other physical evidence that may be destroyed, lost or otherwise put out of the possession, control, custody or care of the prosecution, or its agents, and which relate to the arrest, alleged illegal activities, or events leading up to the indictment or arrest in this case, be preserved. This request includes, but is not limited to, any samples used to perform scientific analysis, and any evidence seized from third parties. It is requested that the prosecutor be ordered to question all individuals and agencies involved in this investigation and prosecution to determine whether any such evidence exists, and if so, that the prosecutor ensure that those individuals and/or agencies preserve any such evidence.

**10. Tangible objects:**

Under Fed.R.Crim.P. 16(a)(2)(C), the accused is entitled to inspect, copy and test any documents or tangible objects, such as photographs, books, papers, documentary materials, buildings, places, or portions thereof that are material to the defense or intended for use as evidence by the prosecution, regardless of from whom there were obtained or to whom they belong.

**11. Evidence of bias or motive to lie:**

The accused requests any evidence that any prospective prosecution witness is biased or prejudiced against the accused, or has any motive to lie, falsify evidence, distort testimony or commit perjury. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988), cert. denied, 489 U.S. 1032 (1989).

//

12. **Impeachment evidence:**

The accused requests any evidence that any prospective prosecution witness has engaged in any criminal act, whether or not such act resulted in a conviction, and whether any witness has made any statement helpful to the defense. Fed.R.Evid. 608, 609, and 613. Such evidence is also discoverable under Brady, supra.

13. **Criminal investigation of prosecution witnesses:**

The accused requests any evidence that any prospective prosecution witness is, or has been, under investigation by federal, state, local, or administrative authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2nd Cir.), cert. denied, 474 U.S. 945 (1985).

14. **Prosecution Witness's perception, recollection, ability to communicate, or truth telling:**

The accused requests any evidence (e.g. physical or psychiatric reports) tending to show that any prospective prosecution witness's ability to perceive, remember, communicate or tell the truth is impaired in any way. The accused is also entitled to any evidence that any prosecution witness has ever used narcotics, controlled substances, or has ever been an alcoholic. Chavis v. North Carolina, 637 F.2d 213 (4th Cir. 1980).

14. **Witness addresses:**

The accused requests the name and last known address of each prospective prosecution witness. The accused also requests the name and last known address of every witness to the crimes charged, and any overt acts allegedly committed, who will not be called as a prosecution witness. United States v. Tucker, 716 F.2d 576 (9th Cir. 1983); United States v. Cook, 608 F.2d 1175 (9th Cir. 1979), cert. denied, 444 U.S. 1034 (1980); United States v. Cadet, 727 F. 2d 1453 (9th Cir. 1984).

**15. <u>Favorable witnesses:</u>**

The accused requests the names of any witnesses who made an arguably favorable statement concerning the accused, or who could not identify the accused or was unsure of his/her identity, or participation, if any, in the criminal acts alleged. <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1086 (1980).

**16. <u>Statements relevant to the defense:</u>**

The accused requests production of any statement that may be "relevant to any possible defense or contention" that he/she may assert. <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982).

**17. <u>"Jencks Act" material:</u>**

The accused requests all material that is discoverable under the "Jencks Act", 18 U.S.C. § 3500. The accused further requests that such material be produced at least two weeks prior to the date set for the trial in this matter, in order to adequately prepare and to avoid any unnecessary delays during trial. Investigating agents "rough notes" which are acknowledged as an accurate account of a witness's interview qualify under the Jencks Act. <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991).

**18. *Giglio* information:**

Under <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the accused is entitled to all communications or promises (express or implied), made to any prosecution witness in exchange for their testimony, and all other information that could arguably be used for impeachment of any prosecution witness, or that could otherwise be useful or helpful to the defense.

//

//

//

19. **Personnel records of government agents:**

The accused requests all citizen complaints and other related internal affairs documents regarding any of the prosecution's agents who were involved in the investigation, arrest and interrogation of the accused. Pitchess v. Superior Court, 11 Cal.3d 531, 539 (1974).

**20. Examination of law enforcement personnel files:**

The accused requests that the prosecutor examine the personnel files and any other material within his/her possession, care, custody, or control, or which could be obtained by the prosecutor, pertaining to all witnesses who will testify, including the prosecution's agents. The accused requests that these files be reviewed for evidence of perjurious conduct or other dishonesty, or any other material relevant to impeachment, or that is exculpatory. United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), cert. denied, 510 U.S. 933 (1993); Kyles v. Whitley, 514 U.S. 419 (1995).

**21. Expert summaries:**

The accused requests production of any written or recorded summaries of expert testimony that the prosecution intends to present at trial under Fed.R.Evid. 702, 703, or 705, along with the bases for each expert's opinion and a written summary of each expert's qualifications. Fed.R.Crim.P. 16(a)(1)(E).

**22.** If the prosecution has any of the above-requested items but refuses to provide it to the defense, the accused requests that the prosecution state what it is. Finally, the defense requests that the government provide all material available pursuant to Fed.R.Crim.P. 26.2, sufficiently in advance of trial or motions hearings so as to avoid unnecessary delay prior to cross-examination.

**23**. Any and all discovery which the accused has failed to request but which the defense is entitled to receive.

### III.

### MR. MURRAH REQUESTS LEAVE TO FILE FURTHER MOTIONS

Mr. Murrah requests leave to file further motions upon receipt of the items specifically requested in the discovery motion and not yet provided by the government and as events and these proceedings warrant.

### IV.

### CONCLUSION

For the foregoing reasons the Defendant, KARL DELEON MURRAH, respectfully requests that the court grant these motions.

DATED:    04/24/08                                    Respectfully submitted,


                                      s/ *VICTOR MANUEL TORRES*
                                      VICTOR MANUEL TORRES
                                      Attorney for Mr. MURRAH